# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### Grand Jury Sworn in on May 5, 2015

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **GRAND JURY ORIGINAL** |
| | : | |
| **JAQUAN BEST,** | : | **VIOLATIONS:** |
| also known as "Wop," and | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) |
| **REGINALD WITHERSPOON, JR.,** | : | (Unlawful Distribution of a Mixture |
| | : | and Substance of Phencyclidine) |
| Defendants. | : | 21 U.S.C. § 841(a)(1) and |
| | : | § 841(b)(1)(B)(iv) |
| | : | (Unlawful Distribution of One Hundred |
| | : | Grams or More of a Mixture and |
| | : | Substance of Phencyclidine) |
| | : | **FORFEITURE:** |
| | : | 21 U.S.C. §§ 853(a) and (p) |

## **I N D I C T M E N T**

The Grand Jury charges that:

### COUNT ONE

On or about August 13, 2014, within the District of Columbia, **JAQUAN BEST**, also known as "Wop," and **REGINALD WITHERSPOON, JR.**, did unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of phencyclidine, also known as PCP, a Schedule II controlled substance.

(**Unlawful Distribution of a Mixture and Substance of Phencyclidine**, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C))

## COUNT TWO

On or about August 21, 2014, within the District of Columbia, **JAQUAN BEST**, also known as "Wop," did unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of phencyclidine, also known as PCP, a Schedule II controlled substance.

(**Unlawful Distribution of a Mixture and Substance of Phencyclidine**, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C))

## COUNT THREE

On or about October 1, 2014, within the District of Columbia, **JAQUAN BEST**, also known as "Wop," did unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of phencyclidine, also known as PCP, a Schedule II controlled substance, and the amount of said mixture and substance was one hundred grams or more.

(**Unlawful Distribution of One Hundred Grams or More of a Mixture and Substance of Phencyclidine**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iv))

## COUNT FOUR

On or about February 5, 2015, within the District of Columbia, **JAQUAN BEST**, also known as "Wop," did unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of phencyclidine, also known as PCP, a Schedule II controlled substance.

(**Unlawful Distribution of a Mixture and Substance of Phencyclidine**, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C))

## COUNT FIVE

On or about June 12, 2015, within the District of Columbia, **JAQUAN BEST**, also known as "Wop," did unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of phencyclidine, also known as PCP, a Schedule II controlled substance.

(**Unlawful Distribution of a Mixture and Substance of Phencyclidine**, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C))

## FORFEITURE ALLEGATION

1. Upon conviction of any of the offenses alleged in Counts One through Five, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of these offenses.  The United States will also seek a forfeiture money judgment equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Sections 853(a), (p))

A TRUE BILL:

FOREPERSON.

Acting Attorney of the United States in
and for the District of Columbia.